IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

GARY CHAMBERS                                                                                                PETITIONER

v.                                              Case No. 6:21-cv-06129

DEXTER PAYNE, Director,                                                                            RESPONDENT
Arkansas Department of Correction

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner is Gary Chambers ("Chambers").  On September 21, 2021, Chambers filed the current Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.  ECF No. 1.  Respondent Payne filed a response on October 19, 2021.  ECF No. 8.  This matter is now ripe for consideration.

This Petition was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case.  The Court has reviewed the Petition and Response and finds this Petition should be **DENIED**.

**1.      Procedural Background[1]:**

Chambers is an inmate incarcerated at the East Arkansas Regional Unit in the Arkansas Department of Correction ("ADC") in Marianna, Arkansas.  On April 10, 2019, a Clark County jury convicted Chambers of impairing the operation of a vital public facility, second-degree battery, and aggravated assault upon a law enforcement officer.  He received consecutive sentences totaling 40 years of imprisonment in the ADC.

Chambers filed a direct appeal and contended the trial court erred by denying his directed verdict motions as to the impairing-operation charge and the second-degree battery charge.  Chambers also alleged the trial court erred by denying his request to represent himself at trial.  On January 29,

---

[1] The "Procedural Background" is taken from the docket and the documents filed in this case.

1

2020, the Arkansas Court of Appeals affirmed.  *See Chambers v. State,* 2020 Ark. App. 54, 595 S.W.3d 371 (2020).  The mandate was issued on February 28, 2020.

Over seven months later, on October 5, 2020, Chambers sought relief under Rule 37 of the Arkansas Rules of Criminal Procedure.  Chambers claims he filed the Rule 37 petition in March of 2020.  The petition was verified, as required by Ark. R. Crim. Pro. 37.1(c), on March 12, 2020.  It appears undisputed the Rule 37 petition was file-marked by the Clark County Circuit Clerk's Office on October 5, 2020.  It also appears Chambers, for some reason, served the State with a copy of the Rule 37 petition several months earlier, on or before March 24, 2020.  *See* ECF No. 8-3 at 13 and 28.

The circuit court denied this Rule 37 petition in a written order filed on October 22, 2020.  Thereafter, on November 20, 2020, Chambers filed a notice of appeal.  Chambers received a briefing schedule which set the filing deadline for his opening brief as March 22, 2021.  Chambers never filed a brief; and, on June 2, 2021, his appeal was dismissed for failure to file a brief.  *See* ECF No. 8-5.  In this order, Arkansas Court of Appeals found as follows: "Pursuant to Rule 4-5 of the Rules of the Supreme Court and Court of Appeals, this Appeal is dismissed for failure to file an Appellant's brief."  *Id.*

On September 21, 2021, nearly eleven months after the Rule 37 petition was denied, Chambers filed this Petition.  ECF No. 1.  With this Petition, Chambers raises the following eight grounds for relief:

1. There was insufficient evidence of second-degree battery because the state failed to prove injury;

2. The evidence of impairing the operation of a vital facility was insufficient because the state failed to provide "incapacitation of a person";

3. Chambers was denied his right to self-representation;

4. The state knowingly introduced false testimony of "Ms. Williams and Steven Parrott" at trial;

5. Chambers was denied a fair trial because his public defender conspired with the state to introduce false evidence that there was an abrasion on Officer Steven Parrott's forehead;

6. The state introduced false testimony that he had a previous conviction for homicide;

7. Trial counsel Williams "labored under a conflict of interest" because she is "Sheriff Jason Watson's wife's aunt" and Sheriff Watson testified at trial; and

8. Trial counsel Mathis was ineffective in his argument to the court seeking to prohibit introduction at trial of Chambers's pending negligent homicide charge.

ECF No. 8 at 2-3. On October 19, 2021, Respondent Payne timely responded. ECF No. 8. In this response, Respondent Payne claims this action is time-barred and should be dismissed. This matter is now ripe for consideration.

**2.     Applicable Law**:

Chambers seeks *habeas* review of a state-court conviction in this Court pursuant to 28 U.S.C. § 2254. ECF No. 1. In the interests of finality and federalism, a federal *habeas* court is constrained by statute to exercise only a "limited and deferential review of underlying state-court decisions." *See, e.g., Whitehead v. Dormire,* 340 F.3d 532, 536 (8th Cir. 2003). The "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." *Burt v. Titlow,* 134 S. Ct. 10, 16 (2013).

A federal court reviewing a state-court merits ruling of a federal question may grant habeas-corpus relief only if the state's adjudication "(1) resulted in a decision that was contrary to, or an unreasonable application of, clearly stablished Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2).

Review under 28 U.S.C. § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. *See Cullen v. Pinholster,* 563 U.S. 170, 181 (2011). Under

3

§ 2254(d)(2), a decision adjudicated on the merits in a state court based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *See, e.g., Miller-El v. Cockrell,* 537 U.S. 322, 340 (2003). In making this determination, factual findings by the state courts are presumed correct absent clear and convincing evidence to the contrary. *Id.;* 28 U.S.C. § 2254(e)(1).

**3.     Discussion**:

Respondent Payne claims this action is time-barred and should be dismissed under AEDPA. Upon review and consistent with the following, the Court agrees and finds as follows:

### A.     One-Year Statute of Limitations

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA") was signed into law. A one-year statute of limitations was enacted for motions to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2254. In general, a movant for collateral relief has one year from "the date on which the judgment became final" to file a petition challenging his or her conviction.

In the present action, Chambers's one-year limitation for filing a federal *habeas* petition commenced on February 26, 2020, when his time for seeking discretionary review expired. *See* 28 U.S.C. § 2244(d)(1)(A). Chambers's direct appeal was decided on January 29, 2020; and pursuant to Arkansas Supreme Court Rule 2-4(a), his time to seek review of that decision in the Arkansas Supreme Court expired 28 days later or on February 26, 2020. Thus, absent any tolling provision, Chambers's Petition was due to be filed in this Court one year later or by February 26, 2021.

In the present action, Chambers filed his Petition on September 21, 2021. ECF No. 1. Thus, it was untimely filed. Accordingly, unless an exception to this statute of limitations or a tolling provision applies, the Court lacks jurisdiction to consider the merits of his Petition.

### B. Tolling of the Statute of Limitations

Chambers's claims are barred by the limitations period unless he can establish the period was tolled. As an initial note, the first question to consider is whether the time-period Chambers's Rule 37 petition was pending tolled the AEDPA statute of limitations. Under AEDPA, "[t]he time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *See* 28 U.S.C. § 2244(d)(2) (emphasis added). Thus, the issue becomes whether this Rule 37 petition was "properly filed" such that its pendency could toll the statute of limitations.

Pursuant to Rule 37.2 of the Arkansas Rules of Criminal Procedure, Chambers was required to file his Rule 37 petition within sixty days after his conviction was affirmed. Chambers's conviction was affirmed on January 29, 2020. Thus, he had until March 29, 2020 to file his Rule 37 petition. Since he did not file his Rule 37 Petition until October 5, 2020, this time-period did not toll the limitations period at all. *See Pace v. DiGuglielmo,* 544 U.S. 408, 414-4174 (2005) (holding that mandatory time limits are "filing" conditions and untimely documents are not "properly filed" under AEDPA). Indeed, "[w]hen a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." *See Pace,* 544 U.S. at 414.

As for equitable tolling, a petitioner is only entitled to this tolling if "he shows . . . that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" to prevent timely filing. *Holland v. Florida,* 560 U.S. 631, 645 (2010). While the diligence required for equitable tolling is "not maximum feasible diligence," reasonable diligence is required. *See id.* at 653. In the present action, Chambers's Petition does not establish he acted with any due diligence in pursuing the timely filing of this Petition. Chambers's Petition does not demonstrate any extraordinary circumstance beyond his control made it impossible for him to file a petition before the statute of limitations ran. *See, e.g., Runyan v. Burt,* 521 F.3d 942, 945 (8th Cir. 2008).

5

Indeed, the only excuse Chambers offers for his delay is that his Rule 37 petition was "inaccurately filemarked"; and instead of being file-marked from March of 2020 as it should have been, it was file- marked October 5, 2020.[2] ECF No. 1 at 3. Chambers claims he "mailed his Rule 37 to Clark County Circuit Clerk Brian Daniel for filing on March 18, 2020." ECF No. 9 at 1. This filing was returned to sender, and Chambers asserts he did not receive "the returned Rule 37 from prison officials until much later [on] about April 10, 2020." ECF No. 9 at 2. Chambers does not show when he re-mailed this Rule 37 petition for re-filing after it was returned to him, ostensibly on April 10, 2020. *Id.*

To justify his claim that the Rule 37 petition was filed in March of 2020, Chambers makes two claims. First, he claims the "mailbox" rule applies such that when he deposited the Rule 37 petition in the mailbox, it was filed. ECF No. 9 at 3-4. Chambers claims this date was on March 18, 2020, and the Rule 37 petition should have been filed on that date. Under Rule 37.2(g) of Arkansas Rules of Criminal Procedure, the "mailbox" rule requires the following conditions to be satisfied:

> (g) *Inmate filing.* For purposes of subsection (c) of this rule, a petition filed pro se by a person confused in a correctional or detention facility that is not timely under the provision of subsection (c) of this rule shall be deemed filed on the date of its deposit in the facility's legal mail system if the following conditions are satisfied:
>
> (i)      On the date the petition is deposited in the mail, the petitioner is confined in a state correctional facility, a federal correctional facility, or a regional or county detention facility that maintains a system designed for legal mail; and
>
> (ii)     The petition is filed pro se; and
>
> (iii)    The petition is deposited with first-class postage prepared, addressed to the clerk of the circuit court; and
>
> (iv)    The petition contains a notarized statement by the petitioner as follows: "I declare under penalty of perjury: that I am incarcerated in _____ [*name of facility*]; that the petition is being deposited in the facility's legal mail system on _____ [*date*]; that first-class postage has been prepaid; and that the

---

[2] If Chambers's Rule 37 petition had been file-marked in March of 2020 as he suggests, the Rule 37 petition would have been timely filed in state court such that the time that petition was pending would have tolled the AEDPA statute of limitations.

> petition is being mailed to _____[*list the name and address of each person served with a copy of the petition*]. _____ (Signature). [NOTARY]"

Chambers has not demonstrated all of these requirements have been met. In this case, as Chambers himself admitted, his Rule 37 petition was returned to him because the address was incorrect. *See* ECF No. 9 at 24. Thus, requirement (iii) was not met. Further, the Rule 37 petition does not provide the notarization as required above, and requirement (iv) was also not met. *See* ECF No. 8-3 at 12. Accordingly, the Court cannot find the "mailbox" rule excuses Chambers's delay. *See Sullivan v. State,* 301 Ark. 352, 353, 784 S.W. 2d 155, 156 (1990) (recognizing that in Arkansas "[a]ll litigants, including those who proceed pro se, must bear responsibility for conforming to the rules of procedure or demonstrate a good cause for not doing so"). Indeed, after this Rule 37 petition was returned to Chambers in April of 2020, he does not provide—or even allege—when he resent this Rule 37 petition. The record only demonstrates this Rule 37 petition was file-marked October 5, 2020.

Second, Chambers alleges "government interference" delayed the filing of his Rule 37 petition. ECF No. 9 at 4. He makes the following broad claim: "The Postal Service and/or Clark County Circuit Court Courthouse was closed or dysfunction [sic] due to the pandemic from March 11, 2020 to October 5, 2020." *Id.* at 2. Thus, as Chambers claims, he was unable to timely file his Rule 37 petition, and it was "inaccurately filemarked" as being filed on October 5, 2020.

In support of this claim, Chambers attaches an order from Clark County Arkansas suspending in-person court hearings due to the COVID pandemic. ECF No. 9 at 39-40. Such a filing demonstrates in-person hearings were suspended during COVID, but it certainly does not demonstrate Chambers's allegation that "[t]he Postal Service and/or Clark County Circuit Court Courthouse was closed or dysfunction [sic] due to the pandemic from March 11, 2020 to October 5, 2020." Accordingly, Chambers has not demonstrated he sought an extension for this Rule 37 petition or otherwise provided an excuse for this delay. Such a vague and broad claim that the Postal System

7

and Clark County Circuit Court Courthouse were not functional for seven months does not supply a basis for equitable tolling. Therefore, AEDPA's one-year statute of limitation applies in this case, and Chambers's Petition is untimely and should be dismissed.

**4.    Conclusion**:

Chambers's Petition is time-barred under the AEDPA one-year statute of limitations. At the very latest, he was required to file a petition by February of 2021. Here, Chambers waited until October 5, 2021, to file the instant Petition. Thus, this Court lacks jurisdiction over this Petition.

**5.    Recommendation**:

Accordingly, based on the foregoing, the Court recommends the instant Petition (ECF No. 1) be **DENIED** and dismissed with prejudice. The Court further recommends no Certificate of Appealability issue in this matter.

The Court finds no evidentiary hearing is required.[3]

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court**. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED** this **30th day of March 2022.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

---

[3] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart*, 726 F.2d 1316, 1318-19 (8th Cir.1984).