IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

GARY CHAMBERS                                                                                    PETITIONER

v.                                            No. 6:21-cv-06129

DEXTER PAYNE, Director,                                                                  RESPONDENT
Arkansas Department of Correction

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Petition for Error Coram Nobis and Motion for New Trial.  ECF No. 26.  This Petition was filed by Gary Chambers ("Chambers"), an inmate confined in ADC, East Arkansas Regional Unit in Marianna, Arkansas.  *Id.*  The Petition was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case.  No response has been filed, and the time to respond has expired.  *See* Local Rule 7.2(b).

**1.     Procedural Background**:

Although Chambers styles this Petition a "Petition for Error Coram Nobis and Motion for New Trial," the Court has reviewed this Petition and finds it is a motion for reconsideration of the prior 28 U.S.C. § 2254 decision in this matter.  Alternatively, if the Court were to consider this as new filing, it would be a successive petition.  The Court will address both instances below.

The Court entered an original Report and Recommendation in this case on March 30, 2022, recommending Chambers's petition for relief under 28 U.S.C. § 2254 be denied.  ECF No. 14.  This Report and Recommendation was adopted on April 25, 2022, and Chambers's Certificate of Appealability was denied.  ECF No. 20.

Chambers appealed that denial to the U.S. Court of Appeals for the Eighth Circuit.  ECF No. 25.  That Court held as follows:

> This appeal comes before the court on appellant's application for a certificate of appealability. The court has carefully reviewed the original file of the district court, and the application for a certificate of appealability is denied. Appellant's motion for appointment of counsel is also denied. The appeal is dismissed.

*Id.* The instant Petition is now ripe for consideration.

**2.     Discussion**:

If the instant pleading is a Motion for New Trial, it should be denied. The Court fulling considered the initial Petition in this matter and determined it was barred by the applicable one-year statute of limitations. ECF Nos. 14 and 20. The direct appeal of this decision was dismissed. ECF No. 25. Petitioner has alleged no new fact or circumstance, unknown to him at the time of the Court's original decision, which would allow for tolling of that one-year limitation period. Accordingly, any request for new trial or other relief based on unknown facts should be denied

If the Court were to consider the instant pleading as an attempt to file a second or successive petition it should also be denied. Under the Anti-Terrorism and Death Penalty Act or "AEDPA," Chambers was required to obtain a certification by a panel of the Eighth Circuit prior to filing this Petition. *See* 28 U.S.C. § 2244(b)(3)(A) (1996). This provision provides the following: "Before a second or successive application permitted by this section is filed in the district court, the applicant *shall move* in the appropriate court of appeals for an order authorizing the district court to consider the application." *Id.* (emphasis added).

In the present action, Chambers did not seek such an authorization to file the current Petition. Without such a certification, this Court has no jurisdiction over this case. *See, e.g., Boykin v. United States,* 242 F.3d 373 (8th Cir. 2000) (recognizing a district court lacks jurisdiction when the defendant does not first seek a certification from the applicable court of appeals). Thus, this Petition should be dismissed.

**3.      Recommendation**:

Accordingly, based on the foregoing, it is recommended Chambers's Motion for New Trial or Writ of Error Coram Nobis (ECF No. 26) be **DENIED**.  Further, if the Petition is construed as a second or successive 2254 petition it should be **DENIED** as the Court of Appeals has not issued its order authorizing same.[1]  Further, pursuant to *28 U.S.C. §1915(a),* I recommend the finding that an appeal from dismissal would not be taken in good faith.

Finally, because Chambers has attempted to circumvent the well-established rules in filing 2254 petitions and has failed to comply with the requirement that he seek leave prior to filing a second or successive 2254 petitions, the Court finds Chambers is **BARRED** from any further filings with the Court without first seeking leave prior to filing.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court**.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED this 3rd day of November 2022.**

                                                        /s/ *Barry A. Bryant*
                                                        HON. BARRY A. BRYANT
                                                        U. S. MAGISTRATE JUDGE

---

[1] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record."  *Urquhart v. Lockhart, 726 F.2d 1316 (8th Cir.1984).*